UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO FIERROS DE LA LUZ, | Case No. 5:26-cv-02766-SSC |
| Petitioner, | MEMORANDUM AND ORDER |
| v. | |
| TODD BLANCHE, et al., | |
| Respondents. | |

On May 21, 2026, Petitioner Francisco Fierros de la Luz[1] filed a petition for writ of habeas corpus by a person in federal custody pursuant to 28 U.S.C. § 2241.  (ECF 1.)  Petitioner is a noncitizen[2] who

---

[1] The petition notes that "Petitioner's last name is incorrectly listed as Fierros-De La Cruz" on his Intensive Supervision Appearance Program identification card and in the ICE detainee locator system. (ECF 1 at 2 n.1; ECF 1-1 at 1.)

[2] Petitioner is a citizen of Mexico.  (ECF 1 at 4.)

Under the Immigration and Nationality Act (INA), the term "alien" means "any person not a citizen or national of the United States."  8 U.S.C. § 1101(a)(3).  Following the lead of the U.S. Supreme Court and the Ninth Circuit, the Court uses the term "noncitizen" in place of "alien."  *See Patel v. Garland*, 596 U.S. 328 (2022) (Barrett, J.); *United States v. Palomar-Santiago*, 593 U.S. 321 (2021) (Sotomayor, J.); *Barton v. Barr*, 590 U.S. 222, 226 n.2 (2020) (Kavanaugh, J.) ("This

is in Immigration and Customs Enforcement (ICE) custody at the Desert View Facility in Adelanto, California. (*Id.* at 4.)

The petition alleges the following facts. Petitioner first arrived in the United States in March 2008 and has continuously resided in the United States since that time. (*Id.* at 2.) He has been married to a lawful permanent resident since 2017 and has four U.S. citizen children. (*Id.*) In or around 2021, after being arrested and convicted for driving under the influence of alcohol, and hit and run with injury, Petitioner encountered immigration authorities and was released at the discretion of ICE and enrolled in the Alternatives to Detention Intensive Supervision Appearance Program (ISAP). (*Id.*) Petitioner was placed in removal proceedings in August 2022. (*Id.*) The Immigration Judge denied his application for cancellation of removal on February 27, 2026, and Petitioner filed a notice of appeal with the Board of Immigration Appeals (BIA) on March 26, 2026. (*Id.* at 2–3.) On March 31, 2026, Petitioner was detained at an ICE check-in.[3] (*Id.* at 3.) Prior to his re-detention, Petitioner "was in full compliance with the

---

opinion uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" (citing 8 U.S.C. § 1101(a)(3))); *Avilez v. Garland*, 69 F.4th 525 (9th Cir. 2023); *Arce v. United States*, 899 F.3d 796 (9th Cir. 2018).

[3] That same day, the BIA rejected the notice of appeal filing due to a defect, which was immediately cured. (ECF 1 at 3.) Also on that date, Petitioner filed a petition for review with the Ninth Circuit, as there temporarily was a final order of removal entered against him due to the BIA's dismissal of his appeal. (*Id.* at 3 n.2.) *See* 8 U.S.C. § 1101(a)(47)(B). Accordingly, a temporary stay of removal was in effect on the day of Petitioner's re-detention. (*Id.*) On May 8, 2026, the BIA granted Petitioner's motion to accept the late-filed appeal as timely filed. (*Id.* at 3; ECF 1-1 at 8–9.) Because there is no longer a final order of removal, Petitioner moved to dismiss the petition, which the Ninth Circuit has not yet ruled on. (ECF 1 at 3 n.2.)

2

terms of his prior release and ISAP requirements prior to his re-detention[,]" and he was given no notice of ICE's intention to re-detain him and was not provided with any information about why his release and ISAP were revoked. (*Id.* at 3–4.) Petitioner has not received an individualized hearing before a neutral decisionmaker to assess whether his recent re-detention was warranted due to danger or flight risk. (*Id.* at 4.)

The petition raises three claims: (1) a claim that his re-detention is a violation of substantive due process under the Fifth Amendment; (2) a claim that his re-detention is a violation of procedural due process under the Fifth Amendment; and (3) a claim that he was unlawfully arrested in violation of the Fourth Amendment. (*Id.* at 9–17.) The petition requests that the Court: (1) order Respondents to release Petitioner from custody immediately; (2) declare that Petitioner's arrest and detention violates the Fourth Amendment and the Due Process Clause of the Fifth Amendment; (3) enjoin Respondents from re-detaining Petitioner unless his re-detention is ordered at a custody hearing before a neutral arbiter in which the government bears the burden of proving, by clear and convincing evidence, that Petitioner is a flight risk or danger to the community; and (4) award attorney's fees and costs under the Equal Access to Justice Act (EAJA).[4] (*Id.* at 17–18.)

In their answer, Respondents do not address the petition's claims, and instead state that Petitioner appears to be a *Maldenado Bautista* class member. That bond-eligible class is defined as: "All noncitizens in

---

[4] To recover prevailing-party fees under the EAJA, counsel must file a separate motion for such fees within thirty days of final judgment in the action. *See* 28 U.S.C. § 2412(d); *Perez-Arellano v. Smith*, 279 F.3d 791, 793 (9th Cir. 2002).

3

the United States without lawful status who (1) have entered or will enter the United States without inspection; (2) were not or will not be apprehended upon arrival; and (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the Department of Homeland Security makes an initial custody determination." *Maldonado Bautista v. Santacruz*, 813 F. Supp. 3d 1084, 1095 (C.D. Cal. 2025).  Respondents contend that "[w]hile Petitioner seeks immediate release, to the extent Petitioner would be entitled to any remedy via the Petition, at most it would be ordering a bond hearing to be held before an Immigration Judge under Section 1226(a)" and that "[t]o the extent a bond hearing is ordered here, it should be consistent with what Courts in this District have generally ordered in similar cases, which is to require an 8 U.S.C. § 1226(a) hearing to be provided in seven days."  (*Id.* at 2–3.)

Petitioner filed a reply, contending that release is the appropriate relief as it restores the status quo given that he was previously released from ICE custody, due process required notice and a pre-deprivation hearing before his re-detention, and he did not received that due process.  (ECF 11 at 2.)  In his reply, Petitioner also contends that IJs at the Adelanto Immigration Court are "flagrantly violating" the *Maldonado Bautista* order and are denying bond hearings on the basis that they lack jurisdiction.  (*Id.* at 2–3; ECF 11-1 at 4.)  Petitioner also asked that if the Court orders a bond hearing, the burden of proof be placed on the Department of Homeland Security to prove that he is a flight risk or a danger to the community by clear and convincing evidence.  (ECF 11 at 4.)

**II**

Relief in the form of a writ of habeas corpus may be granted to a person in custody under the authority of the United States if the petitioner can show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(1), (3). The writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004).

**III**

Petitioner argues that his re-detention without notice or a pre-deprivation hearing violated the Fifth Amendment. (ECF 1 at 9–15.) Because Respondents identify Petitioner as a *Maldenado Bautista* class member (ECF 10 at 2), the Court construes the § 2241 petition as unopposed as to providing Petitioner with the relief afforded to class members which is a bond hearing under the conditions described further below. In that posture, there is no need for the Court to decide anew or revisit whether Petitioner is entitled to a bond hearing on grounds or terms other than those stated and provided in *Maldonado Bautista* cases. *See*, *e.g.*, *Aguilar v. Janecka*, No. 5:26-cv-00602-SSS-BFM, 2026 WL 579157, at *1 (C.D. Cal. Mar 2., 2026) (granting petition and ordering § 1226(a) bond hearing where "Respondents concede[d] that Petitioner is . . . entitled to a bond hearing under the reasoning of *Maldonado Bautista*").

Moreover, consistent with the form of relief that other detainees have been receiving under *Maldonado Bautista* when enforcing the judgment of that case through individual habeas petitions, the government should bear the burden at a discretionary detention hearing before an immigration judge to prove by clear and convincing

5

evidence whether Petitioner poses a flight risk or danger to the public. *See, e.g., Munoz v. Johnson*, No. 2:26-cv-02171-SSS-MAA, 2026 WL 905513, at *1 (C.D. Cal. Apr. 1, 2026); *Benites v. Janecka*, No. 5:26-cv-00222-SSS-BFM, 2026 WL 579160, at *1 n.1 (C.D. Cal. Mar. 2, 2026); *Martinez v. Rios*, No. 5:26-cv-00679-SSS-BFM, 2026 WL 576010, at *1 n.1 (C.D. Cal. Mar. 2, 2026). There is no cause—and Respondents offer none—to give Petitioner a lesser or different form of relief than that being given to other detainees that Respondents have similarly conceded are subject to the *Maldonado Bautista* judgment.

Although Petitioner seeks release, the facts and nature of the violation here militate in favor of a conditional order of release in the form of a bond hearing before an immigration judge. Given that "habeas corpus is, at its core, an equitable remedy," *Schlup v. Delo*, 513 U.S. 298, 319 (1995), courts have "broad discretion in conditioning a judgment granting habeas relief," *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987). While the traditional remedy provided by the writ is immediate release, modern courts generally "employ a conditional order of release in appropriate circumstances." *Harvest v. Castro*, 531 F.3d 737, 741–42 (9th Cir. 2008) (collecting cases). Further, prompt, post-deprivation process can cure certain pre-deprivation due process deficiencies. *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1208 (9th Cir. 2022) (reasoning that under *Mathews v. Eldridge*, 424 U.S. 319 (1976), courts must "consider the process [petitioner] received [while detained]" and "the further process that was available to him"); *Aguilar v. Semaia*, No. 5:26-cv-00023-MCS-SSC, 2026 WL 166906, at *4–5 (C.D. Cal. Jan. 16, 2026) (denying request for immediate release from immigration detention in light of post-detention process provided, including a bond hearing).

Accordingly, the Court exercises its discretion to issue a conditional order of release requiring a bond hearing as described below. A neutral immigration judge can determine, on a more developed record, whether Respondents had the authority to re-detain Petitioner and whether Petitioner is entitled to bond. If Petitioner is denied bond, he will be able to appeal that denial to the Board of Immigration Appeals.

**ORDER**

**IT IS ORDERED** that Judgment shall be entered (1) granting the petition; and (2) enjoining Respondents from continuing to detain Petitioner unless no later than **June 10, 2026**, Petitioner is provided with an individualized bond hearing under 8 U.S.C. § 1226(a) at which the government must bear the burden of showing by clear and convincing evidence that Petitioner poses a flight risk or danger to the public, and the immigration judge must exercise discretion to make an individualized determination whether Petitioner should be detained pending removal proceedings.  Further, the immigration judge must consider alternative conditions of release and Petitioner's financial circumstances when setting a bond amount.

DATED: June 3, 2026

_____

HONORABLE STEPHANIE S. CHRISTENSEN
UNITED STATES MAGISTRATE JUDGE